# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT ROBLES, JR., | 1:12-cv-00068 MJS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILING TO STATE COGNIZABLE CLAIM |
| v. | |
| ON HABEAS CORPUS, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on January 13, 2012. (Pet., ECF No. 1.) Petitioner's claims are, to say the least, nonsensical. There is no basis to conclude that he intends to raise a serious claim, legitimately challenge an action or seek rel relief. It appears more likely Petitioner seeks only to mock the judicial process.

Petitioner lists four "claims" in the petition, specifically: (1) "Reversed now say oh,"; (2) "Fournge [sp?]"; (3) "Cheese cheese cheese."; and (4) "Lechuga Patatoes". (Id. at 4-5.) As facts supporting these claims, he includes "brothes lettuce sugar cubes. Mmmmm," "L.A.," and "Egg." (Id.).

I. **DISCUSSION**

   A. **Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

   If it plainly appears from the petition and any attached exhibits that the

-1-

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B.    Failure to State Cognizable Claim

The instant petition must be dismissed because it does not challenge the fact or duration of Petitioner's confinement.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. "Habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

Petitioner's claims do not implicate the fact or duration of his confinement; he does not challenge his conviction or sentence. The Court cannot discern a rational purpose for Petitioner's claim. (Pet.) As one of the busiest federal courts in the nation charged with reviewing an enormous number of potentially legitimate claims seeking legitimate relief,

the Court can not and will not waste precious resources on frivolous filings.

Petitioner's claims are not cognizable grounds for federal habeas corpus relief and must be dismissed. The deficiencies here can not be cured by amending the complaint. Petitioner is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

## II.     ORDER AND RECOMMENDATION

1.) The Court HEREBY ORDERS the Clerk of Court assign a District Court Judge to the present petition; and

2.) The Court RECOMMENDS the habeas corpus petition be DISMISSED for failure to state a cognizable claim.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     January 21, 2012           /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE